## REPLEVINED PERSONALTY MUST BE RETAINED BY SHERIFF UNTIL SUIT IS DETERMINED.

UPHAUS AND MILLER, SHERIFF, v. ROOF.

Decided, May 19, 1903—68 Ohio State, p. 401.

*Replevin—Section 5820, Revised Statutes—Personal Property Held by Sheriff—Replevined and Returned Under Bond—Duty of Sheriff to Retain Same Till Replevin Suit Determined—Attempted Sale by Sheriff May be Restrained by Injunction.*

When personal property held by a sheriff upon an execution in his hands, is taken from him by a writ of replevin, but is afterwards returned to him upon his executing an undertaking as provided in Section 5820, Revised Statutes, and conditioned as therein required, it is the duty of such sheriff to retain said property in his possession until the determination of the replevin suit. And where after such redelivery to him, and before the determination of the replevin suit, he advertises and offers said property for sale under the execution in his hands, such sale by him may be restrained by injunction.

Error to the Circuit Court of Putnam County.

On August 28, 1900, the plaintiff in error, Nicholas Miller, as Sheriff of Putnam County, Ohio, by virtue of an execution in his hands issued at the suit of John H. Uphaus, on a judgment in his favor against one Joseph Roof, levied upon and seized certain chattel property as the property of said Joseph Roof, the judgment debtor. Thereafter, on September 12, 1900, the defendant in error, Elizabeth Roof, claiming to be the owner and entitled to the immediate possession of the property so levied upon, brought her action in replevin in the Court of Common Pleas of Putnam County, against said Nicholas Miller as sheriff, to obtain possession of the property so levied upon and taken by him under said execution as the property of Joseph Roof. Such proceedings were had in said action that said property was duly replevined from said Nicholas Miller by the Coroner of Putnam County, on a writ duly issued to him as in such case made and provided by statute. Thereafter such further proceedings were had in the case that said Nicholas Miller, defendant in said action, gave bond to the plaintiff as provided by statute, and thereupon the possession of all of said property was redelivered to him by said coroner. Upon the redelivery and return to him of said property said Nicholas Miller as sheriff aforesaid caused said property to be advertised for sale, under the execution held by him in favor of J H. Uphaus, and upon which execution said property had been originally seized by him. To prevent such sale the defendant in error, Elizabeth Roof, brought this action in the Court of Common Pleas of Putnam County against said Nicholas Miller, asking that he be enjoined from selling or disposing of said property or any part thereof. A temporary injunction was allowed by said court of common pleas, and upon the final hearing of the cause in that court, said temporary injunction was made perpetual. Error was thereupon prosecuted to the Circuit Court of Putnam County, where the judgment of the common pleas was affirmed. To obtain a reversal of these judgments this proceeding in error is prosecuted.

*George Fritz* and *Straman & Malone,* for plaintiffs in error.

*Bailey & Bailey* and *Handy & Unverferth,* for defendant in error.

By the Court.

Burket, C. J., Spear, Davis, Price and Crew, JJ., concur.

The facts of this case are not in dispute, and they present for determination the single question of law, whether the defendant in error, Elizabeth Roof, was entitled to bring and maintain her action of injunction against the plaintiff in error, Nicholas Miller, to restrain him from selling and disposing of the property redelivered and returned to him, as defendant in said replevin suit, upon the execution by him of the redelivery bond, provided for by Section 5820, Revised Statutes. A proper construction of the provisions of this and related sections governing actions in replevin requires, we think, that this question be answered in the affirmative. Prior to the amendment of the replevin laws, April 3, 1891 (88 O. L., 273), there was no provision of the statute whereby the defendant in a replevin suit after judgment in his favor, could elect to have the property taken from him in such suit redelivered and returned to him upon demand made for that purpose. Under the statute in force prior to said amendment, upon the filing by the plaintiff in a replevin suit of the requisite affidavit and bond, the property described in the affidavit was required to be taken by the officer from the possession of the defendant and delivered to the plaintiff, and upon such delivery to him, plaintiff thereby became invested with the absolute title to the property so delivered and had full power to sell and dispose of the same at pleasure. In such case the bond given by the plaintiff, as between the parties to the suit, took the place of the property replevined, to the extent at least of the interest therein of the defendant in replevin, and there was no way provided whereby the defendant in replevin could thereafter have or enforce a redelivery and return to him of the specific property so taken, even though upon final hearing judgment in the case should be rendered in his favor. Prior to said amendment the bond required to be given by the plaintiff in replevin was conditioned only that he should "duly prosecute the action and pay all costs and damages that should be awarded against him," and upon the execution and delivery of such undertaking so conditioned the interest of the defendant in the property replevined vested absolutely in the plaintiff, and notwithstanding verdict and judgment might thereafter be rendered in said suit in favor of

defendant, finding him to be the owner and entitled to the immediate possession of the property taken, said defendant could only
look to his judgment and the bond given to secure it for his
indemnity, and he was without authority or right to have or
enforce the return or restoration to him of the specific property
taken from him by the writ of replevin. But under amended Section 5819, Revised Statutes, as it now stands, and was in force
at the time the defendant in error commenced her action in replevin in the Court of Common Pleas of Putnam County, the bond
given by plaintiff in a replevin suit is required to be so conditioned
that it no longer operates or has the effect to transfer to plaintiff
the absolute title and interest of the defendant in the property
taken; under the statute as amended the plaintiff is required to
execute to the defendant a written undertaking in at least double
the value of the property taken conditioned "that the plaintiff shall
duly prosecute the action and in case the judgment shall be against
him that he then return the property taken or pay the value so
assessed at the election of the defendant," etc. Under this statute
on the giving of such undertaking the interest of the defendant in
the property taken only vests in the plaintiff conditionally, and
should the defendant elect to have the property returned to him
upon judgment in his favor he is entitled to it, and where the property can be found its return will be enforced by the court. By this
amendment of April 3, 1891, Section 5820, Revised Statutes,
was also materially changed, by incorporating in said section the
following provision:

"And provided further, that the defendant may at any time within five days after the property is taken, execute an undertaking to
the plaintiff with one or more sufficient sureties in at least double
the value of the property taken conditioned that in case the judgment be against him, that he shall then return the property taken
or pay the value so assessed, at the election of the plaintiff. * * *
Whereupon said property shall be returned to the defendant by the
officer, *to be retained by the defendant* until the determination of
the action."

It was under favor of the provisions of this amended section that
the plaintiff in error, Nicholas Miller, executed his bond and procured the return to him of the property taken from him by the
coroner at the suit of Elizabeth Roof. By force of the provisions
of this section, upon the execution of the undertaking permitted

to be given by a defendant in replevin, the plaintiff in replevin, upon judgment in his favor, is invested with alternative rights, viz., the right to have restoration of the specific property, or the right to a recovery of its value as assessed, according as he may elect, and not only is this right of election given to plaintiff on a judgment in his favor, but the bond which is to be given by the defendant, when the property is returned to him, in express terms obligates the defendant to observe and comply with such election when so made; and not only this, but such bonds in express terms imposes upon defendant the obligation and duty to retain the property in his possession until the determination of the action, to the end and for the purpose that the same may be redelivered and restored to the plaintiff if he shall then so elect.

The plaintiff in error, Nicholas Miller, both by the provisions of the statute and the terms of his bond, was required and obligated to retain the property in controversy in his hands until the final determination of the suit in replevin, and he was and is, without right to sell or dispose of the same in advance of such final determination, inasmuch as such sale would be in violation of the rights of the defendant in error respecting the subject of the action and would tend to render a judgment in her favor ineffectual, if she should elect to have the property returned to her (Section 5572, Revised Statutes). It follows, therefore, that the plaintiff in error was rightfully enjoined.

*Judgment affirmed.*