The Attorney General is in receipt of your request for an Attorney General's opinion wherein you ask, in effect, the following question: Is it correct to charge sales tax on chewing tobacco and snuff ? Reference to the Oklahoma Statutes and a clear reading thereof reveals the answer to your question. Snuff and chewing tobacco are not dealt with the same under Oklahoma law as regards the tax imposed. Sales tax is not imposed upon the sale of chewing tobacco. Rather, excise tax is imposed. Title 68 O.S. 402 [68-402] (1971) provides, in pertinent part, as follows: "There shall be levied, assessed, collected, and paid in respect to the articles containing tobacco enumerated in this Article, a tax in the following amounts: "(d) Chewing Tobacco. Upon chewing tobacco the tax shall be twenty percent (20%) of the factory list price exclusive of any trade discount, special discount or deals." And, an additional ten percent (10%) excise tax is imposed pursuant to 68 O.S. 402-1 [68-402-1](d) (1971). Where excise tax is imposed on a tobacco product, such excise tax shall be in lieu of all other forms of tax, including sales tax. Title 68 O.S. 416 [68-416] (1971) provides as follows: "The tax imposed by this Article shall be in lieu of any and all other forms of tax upon the sale or consumption of cigars and tobacco products within the State of Oklahoma." And, 68 O.S. 1305 [68-1305] (1971) provides in pertinent part: "There is hereby specifically exempted from the tax levied by this Article the gross receipts or gross proceeds derived from the: "(a) . . . "(b) Sale of cigarettes and such tobacco products as are taxed in Articles 3 and 4 of this code." Since an excise tax is imposed on the sale of chewing tobacco, the exemptions, as set out above in 68 O.S. 416 [68-416] and 68 O.S. 1305 [68-1305] (1971), apply. Therefore, the answer to your question, as it concerns chewing tobacco, must be answered in the negative. It is not correct to charge sales tax on chewing tobacco. Sales tax is imposed upon the sale of snuff. A review of 68 O.S. 401 [68-401] et seq. (1971), which deals with Tobacco Products Tax, reveals that no special excise tax is imposed on snuff. See specifically, 68 O.S. 402 [68-402] and 68 O.S. 402-1 [68-402-1] (1971). This is further supported in that the Legislature has expressed its intent to exclude snuff from the special excise tax provisions. A review of legislative history reveals that snuff was added to the list of tobacco products subject to excise tax in 1961. Laws 1962, page 506 HB No. 800. However, during the same legislative session, a second bill was passed eliminating snuff from the list of tobacco products subject to the special excise tax. Laws 1961, page 508 HB No. 1130. Therefore, neither of the exemptions previously referred to in this opinion apply to snuff. Inasmuch as there is no exemption for snuff, the regular sales tax provision applies. Title 68 O.S. 1304 [68-1304] (1971) provides in pertinent part as follows: "There is hereby levied an excise tax of two percent (2%) upon the gross proceeds or gross receipts derived from all sales to any person of the following: "(a) Tangible personal property." Therefore, the answer to your question, as it concerns snuff, must be answered in the positive. It is correct to charge sales tax on snuff. The practical result is that snuff is subject to a two percent (2%) state sales tax whereas chewing tobacco is not subject to the regular sales tax but rather a tax of ten percent (10%) plus twenty percent (20%), for a total of thirty percent (30%) excise tax. It is, therefore, the official opinion of the Attorney General that chewing tobacco is not subject to sales tax whereas snuff is subject to sales tax. (DUANE N. RASMUSSEN) (ksg)