OSCN Found Document:Question Submitted by: The Honorable Patrick Anderson, State Senator, District 19

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 Question Submitted by: The Honorable Patrick Anderson, State Senator, District 19
2014 OK AG 12
Decided: 10/15/2014
Oklahoma Attorney General Opinions
Cite as: 2014 OK AG 12, __ __

 
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
May a county government impose a tax on tobacco products and/or cigarettes in addition to what is collected under state law?
I.
Introduction
¶1 The Oklahoma Tax Code distinguishes between "tobacco products" and "cigarettes." According to the Oklahoma Tax Code, a "tobacco product" is defined as: 


[A]ny cigars, cheroots, stogies, smoking tobacco (including granulated, plug cut, crimp cut, ready rubbed and any other kinds and forms of tobacco suitable for smoking in a pipe or cigarette), chewing tobacco (including cavendish, twist, plug, scrap and any other kinds and forms of tobacco suitable for chewing), however prepared; and shall include any other articles or products made of tobacco or any substitute therefor. 


68 O.S.2011, § 401(g). As distinguished from "tobacco products," the Tax Code defines "cigarettes" as follows:


The term "cigarette" is defined to mean and include all rolled tobacco or any substitute therefor, wrapped in paper or any substitute therefor and weighing not to exceed three (3) pounds per thousand cigarettes[.] 


Id. § 301(1).
¶2 Article 4 of the Oklahoma Tax Code provides that "tobacco products" are subject to taxation by the State:


The sale, barter or exchange of tobacco products or possession of tobacco products for consumption, is hereby declared to be subject to taxation authorized by Section 12 of Article X of the Oklahoma Constitution, and it is the purpose and intention of this article to provide revenue for the expense of the state government. The revenue, including interest and penalties, collected under this article shall be paid monthly by the Tax Commission to the State Treasurer to be placed in the General Revenue Fund, to be paid out pursuant to direct appropriation by the Legislature.


Id. § 404. While Article 4 of the Oklahoma Tax Code imposes a tax on "tobacco products," it is Article 3 of the Tax Code by which the State imposes a tax on "cigarettes":


The sale, gift, barter, or exchange of cigarettes, or the having possession of cigarettes for consumption, is hereby declared to be subject to taxation authorized by Section 12 of Article X of the Oklahoma Constitution, and it is the purpose and intention of the State of Oklahoma, and it is the purpose and intention of this article, to provide revenue for the expense of the state government. The revenues, including interest and penalties, collected under this article shall be paid monthly by the Tax Commission to the State Treasurer to be apportioned as follows: Of the amounts specified by law to be used for the payment and discharge of the interest on and the principal of the bonds issued pursuant to the provisions of Sections 57.31 through 57.43, 57.61 through 57.73, 57.81 through 57.92, 57.101 through 57.112, 57.121 through 57.135 and 57.300 through 57.313 of Title 62 of the Oklahoma Statutes or any other law providing for such payment and discharge, any amount in excess of the amount necessary for such payment and discharge shall be deposited in the General Revenue Fund of this state, to be paid out only on direct appropriations of the Legislature of the State of Oklahoma.


Id. § 303.
¶3 Thus, from the foregoing, it is clear that the Oklahoma Tax Code defines "tobacco products" and "cigarettes" differently, taxes "tobacco products" and "cigarettes" at different rates, and imposes the taxes on "tobacco products" and "cigarettes" under different articles of the Tax Code. Compare 68 O.S.2011, §§ 401(g), 404 (taxation of "tobacco products"), and 68 O.S.2011, §§ 301(1), 303 (taxation of "cigarettes").
II.
Counties are Involuntary Political Subdivisions Without Inherent Taxing Powers.
¶4 A county is an involuntary political subdivision of the State without inherent powers. See Johnston v. Conner, 1951 OK 262, ¶ 7, 236 P.2d 987, 989; Herndon v. Anderson, 1933 OK 490, ¶ 16, 25 P.2d 326, 329; A.G. Opin. 2003-29, at 166. A county is subject to unqualified legislative control except as restrained by the Constitution:


A county being an involuntary, subordinate political subdivision of the state, created to aid in the administration of governmental affairs of said state, and possessed of a portion of the sovereignty, has no inherent powers but derives those powers solely from the state. All of the powers intrusted to it are the powers of the sovereignty which created it. Its duties are likewise the duties of the sovereignty. 


Johnston, 1951 OK 262, ¶ 7, 236 P.2d at 989 (citations omitted); Herndon, 1933 OK 490, ¶ 16, 25 P.2d at 329; accord A.G. Opin. 2003-29, at 166. "Counties have only such authority as is granted by statute." Tulsa Expo. & Fair Corp. v. Bd. of County Comm'rs, 1970 OK 67, ¶ 26, 468 P.2d 501, 507. Thus, a county, being an involuntary political subdivision of the State without inherent powers of its own, derives all of its power from the State.
¶5 "Our Constitution vests the whole matter of taxation exclusively within the power of the Legislature as limited by the Constitution." City of Sand Springs v. Dep't of Pub. Welfare, 1980 OK 36, ¶ 19, 608 P.2d 1139, 1148; A.G. Opin. 2003-29 at 163 (quoting City of Sand Springs v. Dep't of Pub. Welfare, 1980 OK 36, ¶ 19, 608 P.2d 1139, 1148). Specifically, the Oklahoma Constitution provides:


The Legislature shall have power to provide for the levy and collection of license, franchise, gross revenue, excise, income, collateral and direct inheritance, legacy, and succession taxes; also graduated income taxes, graduated collateral and direct inheritance taxes, graduated legacy and succession taxes; also stamp, registration, production or other specific taxes.


OKLA. CONST. art. X, § 12; see also OKLA. CONST. art. X, § 13 ("The State may select its subjects of taxation, and levy and collect its revenues independent of the counties, cities, or other municipal subdivisions."). A county, having no inherent powers of its own, cannot, by its own power, impose a tax:


"A county . . . . cannot impose taxes; that power is derived from the state. The power to impose taxes is vested in the Legislature of the state. The apportionment of that tax is included in the power to impose taxes."
. . . .
Within the boundaries of the State the power to tax and to collect taxes, limited only by the provisions of the Constitutions of the State and of the Nation, rests in the State itself springing from its sovereignty.


Johnston, 1951 OK 262, ¶¶ 7-8, 236 P.2d at 989-90 (citations omitted); see also Herndon, 1933 OK 490, ¶ 16, 25 P.2d at 329; accord A.G. Opin. 2003-29, at 166. Accordingly, it is the Legislature that has the power to tax. Thus, a county having no inherent powers of its own, may not autonomously impose a tax.
¶6 Even though a county may not autonomously impose a tax, the Oklahoma Constitution provides that the Legislature may confer the power to assess and collect certain types of taxes upon counties:


The Legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes.


OKLA. CONST. art. X, § 20. "It is to be observed that under section 20 of article 10 of the Oklahoma Constitution the power is reserved in the Legislature to confer upon the county the power to assess and collect taxes for the purposes of the county, and that the Legislature has the power to define and designate the purpose for which it authorized the county to assess and levy taxes." Herndon, 1933 OK 490, ¶ 33, 25 P.2d at 332-33. "By legislative enactment, [the power to tax and to collect certain taxes] has been delegated [by the Legislature] to the officers of the several counties." Johnston, 1951 OK 262, ¶ 8, 236 P.2d at 990; see also A.G. Opin. 2003-29, at 166 (holding the power to impose taxes is vested in Legislature and delegated to counties).
¶7 Thus, from the foregoing, three things become clear: 1) county governments are involuntary political subdivisions of the State without inherent powers of their own; 2) the whole matter of taxation lies exclusively within the power of the Legislature; and 3) the Legislature, through legislative enactment, may give county governments the authority to impose and collect certain taxes. Against this backdrop, we will turn to the question presented.
III.
The Oklahoma Legislature Specifically Excluded County Governments From the Area of Tobacco and Cigarette Taxation When it Enacted 37 O.S.2011, § 600.10.
¶8 The Oklahoma Legislature has spoken directly to a county government's ability to impose taxes on "tobacco products" and "cigarettes" in the Prevention of Youth Access to Tobacco Act (37 O.S.2011, §§ 600.1 - 600.23). In 37 O.S.2011, § 600.10, the Oklahoma Legislature provides as follows:


No agency or other political subdivision of the state, including, but not limited to, municipalities, counties or any agency thereof , may adopt any order, ordinance, rule or regulation concerning the . . . taxation of tobacco products, except as provided in Section 1511 of Title 68 of the Oklahoma Statutes,[1] Section 1-1521 et seq. of Title 63 of the Oklahoma Statutes[2] and Section 1247 of Title 21 of the Oklahoma Statutes.[3] Provided, however, nothing in this section shall preclude or preempt any agency or political subdivision from exercising its lawful authority to regulate zoning or land use or to enforce a fire code regulation regulating smoking or tobacco products[4] to the extent that such regulation is substantially similar to nationally recognized standard fire codes.


Id. (emphasis added) (footnotes added).[5] 
¶9 The Prevention of Youth Access to Tobacco Act defines "tobacco products" in a more expansive manner than does the Tax Code. The Prevention of Youth Access to Tobacco Act defines "tobacco product" to include any product that contains tobacco and is intended for human consumption:


"Tobacco product" means any product that contains tobacco and is intended for human consumption[.]


37 O.S.2011, § 600.2(5).[6] It is clear that both "tobacco products" and "cigarettes," as defined under the Tax Code, contain tobacco, are intended for human consumption, and therefore fit within the definition of "tobacco products" as provided in the Prevention of Youth Access to Tobacco Act. See 68 O.S.2011, § 401(g) (Tax Code definition of "tobacco product"); 68 O.S.2011, § 301(1) (Tax Code definition of "cigarette").
¶10 Accordingly, the Legislature has specifically excluded county governments from the taxation of "tobacco products" and "cigarettes" in 37 O.S.2011, § 600.10. See 37 O.S.2011, § 600.10 (providing "no . . . count[y] . . . may adopt any order, ordinance, rule or regulation concerning the . . . taxation of tobacco products" (emphasis added)). Consequently, since county governments are involuntary political subdivisions of the State without inherent powers of their own, and since the whole matter of taxation lies exclusively within the power of the Legislature, a county government does not have the power to impose a tax on "tobacco products" and/or "cigarettes" in addition to what is collected under state law. See City of Sand Springs, 1980 OK 36, ¶ 19, 608 P.2d at 1148; A.G. Opin. 2003-29, at 163 (holding the whole matter of taxation lies exclusively within the power of the Legislature); see also Johnston, 1951 OK 262, ¶¶ 7-8, 236 P.2d at 989-90; Herndon, 1933 OK 490, ¶ 16, 33, 25 P.2d at 329, 332-33; A.G. Opin. 2003-29, at 163, 166 (holding county's power to tax is derived from state Legislature).


¶11 It is, therefore, the official Opinion of the Attorney General that:
A county government may not impose a tax on tobacco products and/or cigarettes in addition to what is collected under state law. 37 O.S.2011, § 600.10.


E. SCOTT PRUITT
ATTORNEY GENERAL OF OKLAHOMA
RYAN R. CHAFFIN
ASSISTANT ATTORNEY GENERAL
FOOTNOTES
[1] Title 68 O.S.2011, § 1511 provides "that cities, municipalities and towns are authorized to levy a license or occupation tax upon coin-operated devices, or persons operating the same, or premises where same are located, in an amount not in excess of seventy-five percent (75%) of the [state] fee hereby imposed." The "coin-operated device" exception to 37 O.S.2011, § 600.10 is not applicable to the question presented. 
[2] Title 63 O.S.2011, § 1-1521 through 63 O.S.Supp.2013, § 1-1527 constitutes the "Smoking in Public Places and Indoor Workplaces Act." The "Smoking in Public Places and Indoor Workplaces Act" exception to 37 O.S.2011, § 600.10 is not applicable to the question presented. 
[3] Title 21 O.S.Supp.2013, § 1247 is a statute that pertains to smoking in "public areas," "indoor workplaces," and "educational facilities." The version of 21 O.S.Supp.2013, § 1247 that was in effect at the time this Opinion was written was amended by the Oklahoma Legislature on April 25, 2014 to include provisions related to "veterans centers operated by the State." The new version of this statute that contains the language related to "veterans centers" does not go into effect until November 1, 2014. See 2014 Okla. Sess. Laws ch. 167, § 1. The "smoking in public areas," "indoor workplaces," and "educational facilities" exception to 37 O.S.2011, § 600.10 is not applicable to the question presented. Additionally, the amendatory language pertaining to "veterans centers" that goes into effect on November 1, 2014 is not applicable to the question presented. See 2014 Okla. Sess. Laws ch. 167, § 1. 
[4] The question presented does not involve the regulation of "zoning or land use," nor does it involve the enforcement of "a fire code regulation regulating smoking or tobacco products." 
[5] Note that the language of the version of 37 O.S.2011, § 600.10 that is in effect at the time this Opinion is written was amended by the Oklahoma Legislature on April 25, 2014. 2014 Okla. Sess. Laws ch. 162, § 10. However, the new version of the statute containing the amendatory language will not be effective until November 1, 2014. Id.§ 14. The amendatory language does nothing to change the version cited above except to make that section also include "vapor products." The amendatory language that will be effective November 1, 2014 reads as follows: 
No agency or other political subdivision of the state, including, but not limited to, municipalities, counties or any agency thereof, may adopt any order, ordinance, rule or regulation concerning the . . . taxation of tobacco products or vapor products, except as provided in Section 1511 of Title 68 of the Oklahoma Statutes, Section 1-1521 et seq. of Title 63 of the Oklahoma Statutes and Section 1247 of Title 21 of the Oklahoma Statutes. Provided, however, nothing in this section shall preclude or preempt any agency or political subdivision from exercising its lawful authority to regulate zoning or land use or to enforce a fire code regulation regulating smoking or tobacco products to the extent that such regulation is substantially similar to nationally recognized fire codes.
2014 Okla. Sess. Law ch. 162, § 10. Thus, the amendatory language to include "vapor products" does not change the conclusion reached in this Opinion. 
[6] Note that the language of the version of 37 O.S.2011, § 600.2 that is in effect at the time this Opinion is written was amended by the Oklahoma Legislature on April 25, 2014. 2014 Okla. Sess. Laws ch. 162, § 3. However, the new version of the statute containing the amendatory language will not be effective until November 1, 2014. Id. § 14. The amendatory language does nothing to change the definition of "tobacco product" cited above. See 2014 Okla. Sess. Law ch. 162, § 10. 




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1933 OK 490, 25 P.2d 326, 165 Okla. 104, HERNDON Judge v. ANDERSON et al.
Discussed at Length
 1970 OK 67, 468 P.2d 501, TULSA EXPOSITION & FAIR CORP. v. BD. OF CO. COM'RS
Discussed
 1980 OK 36, 608 P.2d 1139, City of Sand Springs v. Department of Public Welfare
Discussed at Length
 1951 OK 262, 236 P.2d 987, 205 Okla. 233, JOHNSTON v. CONNER
Discussed at Length
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1247, 21 O.S. 1247, Smoking in Certain Public Places Prohibited - Punishment
Discussed
Title 37. Intoxicating Liquors
 Cite
Name
Level

 37 O.S. 600.1, Short Title
Cited
 37 O.S. 600.2, Definitions
Discussed
 37 O.S. 600.10, Restrictions on Agency or Other Political Subdivision's Regulation
Discussed at Length
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 1-1521, Short Title
Cited
 63 O.S. 1-1527, Preemption
Cited
Title 68. Revenue and Taxation
 Cite
Name
Level

 68 O.S. 301, Definitions
Discussed
 68 O.S. 401, Definitions
Discussed at Length
 68 O.S. 1511, Exclusive Fee Imposed by State
Cited